# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| FLOATEC, LLC, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2313 |
| | § | |
| CHRISTOPHER MAGNUSON, | § | |
| | § | |
| *Defendant*. | § | |

## ORDER

Pending before the court is defendant Christopher Magnuson's ("Magnuson") motion to dismiss and alternative motion for a more definite statement.  Dkt. 11.  The court has considered the motions, response, amended complaint, and applicable law.  For the reasons that follow, Magnuson's motions (Dkt. 11) are **DENIED**.

## I. BACKGROUND[1]

Plaintiff FloaTEC, LLC ("Floatec") is a company organized under Texas law that designs and develops deepwater floating systems for offshore oil and gas exploration and production.  Dkt. 9 at 2 ¶ 6.  In or around September 2009, Floatec developed designs for an offshore platform employing a radial architecture.  *Id.* at 2 ¶ 9.  This development included a design for a buoyancy tank to be positioned in the centerwell of an oilfield platform known as a "spar."  *Id.*  Floatec originally referred to this design as the "ABCD."  *Id.*  Floatec contemporaneously designed a companion invention for a spar hull design, internally referred to as the "RAW."[2]  *Id.*  Floatec filed a patent application for the ABCD invention with

---

[1] When considering a motion to dismiss for failure to state a claim, the court views the well-pleaded allegations in the live complaint as true and in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

[2] The court refers to these inventions collectively as the "Radial Spar Inventions."  Dkt. 9 at 2 ¶ 9.

the United States Patent & Trademark Office ("PTO") on April 28, 2010.  *Id.* at 2 ¶ 10.  Later that year, Floatec applied for a patent on its RAW invention.  *Id.* at 2–3 ¶ 10.

Floatec met with Seawell, a global oilfield services company, in April 2010 to discuss the feasibility of implementing the Radial Spar Inventions in a commercial offshore platform.  *Id.* at 3 ¶ 12. Two Seawell employees attended the meeting, including Magnuson.  *Id.*  Floatec emphasized Seawell's obligations of confidentiality that were provided in exchange for Floatec's disclosure of trade secrets and other confidential information relating to its developments, including the Radial Spar Inventions.  *Id.* at 3 ¶ 13.  These confidentiality obligations were memorialized in a Mutual Confidentiality and Non-Disclosure Agreement (the "Agreement") executed on or about May 24, 2010.  *Id.* at 3 ¶ 14.  The Agreement provided that: "(a) Seawell and its employees would maintain the confidentiality of all confidential or proprietary information provided by Floatec; and (b) Seawell would cause its employees to observe the terms of the Agreement."  *Id.* at 3–4 ¶ 14.

On June 28, 2010, Floatec and Seawell entered into a Joint Intellectual Property Development Agreement ("JIPDA"), with the stated purpose of "jointly develop[ing] new and improved offshore drilling equipment and related technology."  *Id.* at 4 ¶ 15.  Floatec and Seawell contemplated through the JIPDA that patents might result from the joint project, and they agreed to share all rights, title and interest in any discoveries, know-how, information, improvements, and inventions they jointly created.  *Id.*  As part of this project, Seawell directed Magnuson to refine the Radial Spar Inventions and develop certain equipment placement and storage on the spar.  *Id.* at 4 ¶ 16.  Seawell subsequently approved Magnuson's request for an approval for expenditure that included costs for a patent that he described as belonging to Seawell.  *Id.* at 4 ¶ 17.

On September 13, 2010, Magnuson filed a patent application (the "Magnuson Application") with the PTO regarding a "Multi-Operational, Multi-Drilling System." *Id.* at 4 ¶ 19.  Floatec alleges that Magnuson wrongfully used confidential information from Floatec in his development of the Magnuson Application. *Id.*  Floatec further alleges that Magnuson used Seawell's corporate funds, personnel, and drawings in the preparation of his application. *Id.* at 5 ¶ 20.

In February 2011, Magnuson resigned from Seawell and at the same time refused to execute a formal assignment of the Magnuson Application to Seawell. *Id.* at 5 ¶ 22.  Floatec claims that upon his departure, Magnuson took certain PowerPoint presentations and other documents (the "Subject Works") that were created by Floatec and/or Seawell containing engineering models, data, and drawings. *Id.* at 5–6 ¶ 24.  Then, in March 2011, Magnuson met with John Murray, Floatec's Director of Technology. *Id.* at 5 ¶ 23.  Magnuson claimed during the meeting that he alone, and not Seawell, owned the intellectual property contained in his application, and he accused Floatec of misappropriation of his invention. *Id.*  Also around this time Magnuson utilized information from the Subject Works to create new marketing materials (the "Infringing Works") that gave the appearance that Floatec's intellectual property belonged to him. *Id.* at 6 ¶ 25.

Floatec filed the instant case on August 8, 2013.  Dkt. 1 (original complaint).  In Floatec's live pleading, it claims that it did not authorize Magnuson's copying or use of the Subject Works to create the Infringing Works, and Magnuson's conduct constitutes copyright infringement under federal law.  Dkt. 9 at 6 ¶ 27–28.  Floatec further pleads that it registered the Subject Works pursuant to Title 17 of the United States Code. *Id.* at 6 ¶ 29.  Magnuson moves to dismiss Floatec's amended complaint on grounds that Floatec's pleading does not give fair notice of its claim or plead the elements of copyright infringement with the requisite specificity under the Federal Rules.  Dkt. 11.  Floatec responds that its

3

complaint meets the minimum requirements of Rule 8(a)(2), as recently clarified by the Supreme Court's *Twombly* and *Iqbal* decisions.  Dkt. 13 at 1.  The motion is ripe for decision.

## II. STANDARD OF REVIEW

Rule 8(a)(2) requires that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).  In turn, a party against whom claims are asserted may move to dismiss those claims when the pleader has failed "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).  To survive a 12(b)(6) motion, a pleading must offer "'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).  While the allegations need not be overly detailed, a plaintiff's pleading must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ("[N]aked assertions devoid of further factual enhancement," along with "legal conclusions" are not entitled to the presumption of truth). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).  Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Evaluating a motion to dismiss is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### III. ANALYSIS

The gravamen of Magnuson's argument is that Floatec has not properly pled a copyright infringement claim. In a copyright case, the plaintiff must plead and prove that: (1) he owns a valid copyright; and (2) the defendant copied constituent elements of the plaintiff's work that are original. *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004). Magnuson contends that Floatec's pleading must make a particularized showing of facts related to these elements. Dkt. 11 at 6–9. Contrary to this position, "even post-Twombly, Rule 8 requires only the pleading of the basic elements of an infringement claim, albeit allegations that rise above the speculative level. There is no heightened pleading requirement for copyright-infringement claims." 6 PATRY ON COPYRIGHT § 19:3 (2013) (footnotes omitted); *see also Guzman v. Hacienda Records & Recording Studio, Inc.*, No. 6:12-cv-42, 2013 WL 2189952, at *2 (S.D. Tex. May 20, 2013) (holding that heightened pleading requirements are not applicable to infringement claims). Magnuson has cited no post-*Twombly* cases that contradict this rule, and the court agrees that Floatec need only plead a plausible claim to relief under traditional notice pleading standards to survive a 12(b)(6) motion to dismiss.

Floatec has pled that it owns a valid copyright through registering the Subject Works. Dkt. 9 at 6 ¶ 29. Floatec further plausibly alleges that Magnuson misappropriated Floatec/Seawell documents and used the data to create the Infringing Works. *Id.* at 5–6 ¶¶ 23–25. These allegations are not factually specific as to particular documents or data, or the methods Magnuson allegedly used to copy the Subject Works, but this is not required at the pleadings stage. Floatec's complaint provides adequate notice for Magnuson to defend against the claim and appropriately cabins discovery to Magnuson's alleged misuse of Floatec's purported intellectual property. Floatec's pleading passes muster under Rule 8.

### IV. Conclusion

After considering Magnuson's motions, Floatec's response, the amended complaint, and the applicable law, Magnuson's motion to dismiss (Dkt. 11) is **DENIED**.  Further, because Floatec has pled sufficient, clear facts to defeat the motion to dismiss, Magnuson's alternative motion for a more definite statement is **DENIED**.

It is so **ORDERED**.

Signed at Houston, Texas on October 30, 2013.

_____
Gray H. Miller
United States District Judge